

45 BROADWAY - SUITE 920  
NEW YORK, NY 10006  
(646) 876-4400 MAIN    (612) 336-9100 FAX

ALEXANDER COGBILL  
ACogbill@zelle.com  
(646) 876-4420

August 31, 2021

<u>VIA ECF</u>  
The Honorable J. Paul Oetken  
United States District Court for the Southern District of New York  
40 Foley Square  
New York, New York 10007

      Re:    Zoot Hotel Group, LLC v. Starr Surplus Lines Ins. Co.  
            Case No.    21-CV-6394 (JPO)

Dear Judge Oetken,

      We represent Starr Surplus Lines Ins. Co. ("Starr"), the defendant in the above captioned action. We submit this joint letter motion seeking a temporary stay of all proceedings together with counsel for Plaintiff who has reviewed and approved this correspondence.

      This case is an insurance coverage dispute regarding damage to a building owned by Zoot Hotel Group, LLC ("Zoot") and insured under a property policy issued by Starr (the "Policy"). The Policy contains a binding appraisal clause[1] and pursuant to that clause, Starr requested an appraisal regarding the "amount of loss" on July 26, 2021, the day before Zoot filed the instant action. Zoot subsequently agreed to participate in the appraisal after filing the action and the parties appointed appraisers who will begin their work soon. Both parties hope that the appraisal will narrow if not resolve the issues before the Court this calendar year. Even if appraisal does

---

[1] The appraisal provision prescribes:
    b. Appraisal:

> If the Insured and this COMPANY fail to agree on the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within twenty (20) days of such demand. The appraisers shall select a competent and disinterested umpire, and, if failing for twenty (20) days to agree upon such umpire, then, on the request of the Insured or this COMPANY, such umpire shall be selected by a judge of a state or federal court of record in the state in which the damaged property is located. The appraisers shall then appraise the loss, stating separately the loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this COMPANY shall determine the amount of loss and shall be binding and final. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally. The COMPANY shall not be held to have waived any of its rights by any act relating to appraisal.

August 31, 2021
Page 2

not resolve all the issues in the litigation or facilitate a global settlement, the parties agree that appraisal will hone the claims and defenses that remain. To that end, a temporary stay of all proceedings pending completion of the appraisal will conserve "time and effort for [the Court], for counsel, and for [the] litigants."[2] In particular, it will avoid unnecessary discovery and motion practice, and develop the legal issues, if any, in the case.

Procedurally, Zoot has yet to serve its pleadings and thus Starr has not responded. Accordingly, as part of their request for a stay, the parties request an equivalent tolling of these deadlines. This will allow the parties to more precisely identify their positions after the case has been refined by the appraisal and avoid unnecessary amendments.

We are available should the Court determine that an appearance or telephone conference is necessary. Thank you in advance for your consideration.

Respectfully submitted,

ZELLE LLP

/s/
Alexander Cogbill (AC7139)
acogbill@zelle.com
*Attorneys for Defendant*
45 Broadway, Suite 920
New York, New York 10006
(646) 876-4420

together with Zelle LLP colleagues
to be admitted *Pro Hac Vice*

Jennifer Gibbs, Esq. and
Crystal Vogt, Esq.
901 Main Street, Suite 4000
Dallas Texas 75202

CC by ECF:

    Flores & Pelaez-Prada, PLLC
    c/o Marco D. Flores and Jake Rogiers
    to be admitted *Pro Hac Vice*
    *Attorneys for Plaintiff*
    3522 Paesano's Parkway, Suite 301
    San Antonio, Texas 78231
    (210) 361-0070

---

[2] "The power to stay proceedings is inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 253 (1936) (Cardozo, J.)

August 31, 2021
Page 3

Slater Slater Schulman LLP
c/o John C. Luke, Jr.
445 Broad Hollow Road, Suite 419
Melville, New York 11744
(631) 420-9300

> Granted.  This case is hereby STAYED, and all pending deadlines are adjourned pending further order.
> The parties shall file a joint status letter on or before January 7, 2022.
> So ordered.
>    September 1, 2021

_____
J. PAUL OETKEN
United States District Judge